# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2025

Lyle W. Cayce
Clerk

No. 24-50947
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Elizabeth Mora Leyva,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-96-1

_____

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Elizabeth Mora Leyva challenges her within-Guidelines 175-months' sentence, imposed following her guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. In doing so, she contests the district court's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

application of a two-level dangerous-weapon enhancement under Sentencing Guideline § 2D1.1(b)(1) (quoted *infra*).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guideline at issue provides for a two-level increase to defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed". U.S.S.G. § 2D1.1(b)(1). "[W]hen another individual involved in the commission of an offense possessed the weapon", as is the case here, "the government must show that the defendant could have reasonably foreseen that possession". *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991). The district court's determination that a co-conspirator's possession of a firearm was reasonably foreseeable is a factual finding, reviewed for clear error. *E.g.*, *Cisneros-Gutierrez*, 517 F.3d at 765–66. "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

The record shows: the firearms were discovered in the home shared by Leyva's co-conspirators (one of whom she was dating); controlled substances were found in that same home; Leyva admitted to staying over at the home on several occasions; one of the firearms was found in the living room, a common area accessible to all occupants; and, most notably, Leyva

No. 24-50947

admitted that she knew there were firearms in the home and that her co-conspirator typically carried one. In the light of this record, the court did not clearly err in finding it was reasonably foreseeable that her co-conspirator possessed a firearm in connection with the underlying drug-trafficking offense. *E.g.*, *United States v. Garza*, 118 F.3d 278, 286 (5th Cir. 1997) ("It was readily foreseeable that firearms would be employed as tools of the drug trafficking trade."); *Hooten*, 942 F.2d at 882 ("The sentencing court may infer foreseeability from the coparticipant's knowing possession of the weapon.").

AFFIRMED.